IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDA E. BARBEE,

        Plaintiff,                  Case No. 3:09-cv-133

vs.                                         Judge Thomas M. Rose

MICHAEL J. ASTRUE,              Magistrate Judge Sharon L. Ovington
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING BARBEE'S OBJECTIONS (Doc. #14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S SECOND DECISION THAT BARBEE WAS NOT DISABLED AND TERMINATING THIS CASE**

_____

       Plaintiff Brenda E. Barbee ("Barbee") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying her application for Social Security disability benefits. Barbee appealed the first final decision of the Commissioner that she was not disabled. In the matter of *Barbee v. Commissioner of Social Security*, Case No. 3:07-cv-161 (S.D. Ohio Nov. 14, 2007), Magistrate Judge Merz recommended that the matter be remanded and District Judge Walter H. Rice adopted this recommendation including the implicit suggestion that the Commissioner request an additional examination by a consulting physician.

       On remand, Administrative Law Judge Melvin A. Padilla ("ALJ Padilla") held a second hearing. The second hearing was held on August 28, 2008.

1

On February 4, 2009, ALJ Padilla again denied Barbee's claim finding that Barbee could not return to her past relevant work but remained able to perform other work available in the national economy. This determination and the resulting denial of benefits then became the second final decision of the Commissioner. Barbee has now brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the second final decision of the Commissioner denying her application for Social Security disability benefits.

On April 23, 2010, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #13) recommending that the Commissioner's second decision that Barbee was not disabled be affirmed. Barbee subsequently filed Objections. (Doc. #14). The time has run and the Commissioner has not responded to Barbee's Objections. This matter is, therefore, ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in Barbee's Objections (doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's second decision that Barbee was not disabled. Finally, Barbee's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

2

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Barbee's Objections to the Magistrate Judge's Report and Recommendations (doc. #14) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #13) in its

entirety. The Commissioner's second decision that Barbee was not disabled is AFFIRMED.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Second Day of June, 2010.

.                                             **s/Thomas M. Rose**
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　JUDGE THOMAS M. ROSE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record